IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGINIA APPLEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| v. | ) | |
| | ) | Judge: |
| ILLINOIS DEPARTMENT OF JUVENILE JUSTICE, | ) ) | |
| | ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT**
**(TRIAL BY JURY DEMANDED)**

NOW COMES the Plaintiff, VIRGINIA APPLEBERG, (hereinafter "VIRGINIA"), by and through her attorneys, Mirabella, Kincaid, Frederick & Mirabella, LLC, for her Verified Complaint against the Defendant, ILLINOIS DEPARTMENT OF JUVENILE JUSTICE, (hereinafter "IDJJ"), states as follows:

**NATURE OF THE CASE**

1. This is an employment discrimination case brought pursuant to the provisions of Americans with Disabilities Act, as amended, ("ADA"), 42 U.S.C. § 12101, *et. seq.* VIRGINIA alleges that Defendant, IDJJ, unlawfully discriminated and retaliated against her on the basis of her disability. VIRGINIA seeks actual, compensatory, and punitive damages, restitution, and an award of costs, expenses, and attorneys' fees in excess of $100,000.00 for Defendant's violations of the law.

**JURISDICTION & VENUE**

2. Jurisdiction of this Court is appropriate pursuant to 42 U.S.C. § 12133 and 28 U.S.C. § 1331, as this action involves federal questions arising under the ADA.

3. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391 because all of the discriminatory and unlawful practices alleged herein which give rise to Plaintiff's claims were committed within this Judicial District.

## PARTIES

4. VIRGINIA is an individual residing in St. Charles, Illinois.

5. VIRGINIA, at all times relevant, was an "employee" of IDJJ, as that term is defined under the ADA. 42 U.S.C. § 12111(4).

6. Defendant, IDJJ, is a governmental entity pursuant to 20 ILCS 5/5-15, and is subject to the provisions of the ADA, 42 U.S.C. § 12202.

7. IDJJ is an "employer" and "covered entity" as those terms are defined under the ADA. 42 U.S.C. § 12111(2), (5).

8. At all times relevant hereto, VIRGINIA performed her employment-related duties and responsibilities for IDJJ at its offices located at 3825 Campton Hills Road, St. Charles, Illinois 60175.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. All conditions precedent required under the ADA have been exhausted and performed by VIRGINIA prior to the filing of this Complaint.

10. On February 25, 2020, VIRGINIA timely filed a Charge of Discrimination for Disability Discrimination and Retaliation with the U.S. Equal Employment Commission, ("EEOC"), Charge No. 443-2020-00741. A copy of VIRGINIA's Charge is attached as Exhibit A, hereto.

11. On September 29, 2020, the EEOC issued to VIRGINIA a Notice of Right to Sue letter. In correspondence with the EEOC, the EEOC confirmed that the Notice of Right to Sue

letter was the "official document" authorizing VIRGINIA to file her claims in court. A copy of that Notice of Right to Sue letter and EEOC communications are attached as Exhibit B. VIRGINIA has not received any further communications from the EEOC or the Department of Justice.

12. In order to preserve and protect her rights, VIRGINIA has timely filed this action within 90 days after receipt of the EEOC's Notice of Right to Sue letter.

## COMMON ALLEGATIONS

13. VIRGINIA was hired by IDJJ on March 1, 2017.

14. VIRGINIA's last date of active employment with the IDJJ was May 6, 2019.

15. VIRGINIA's last position held was Educator at IDJJ's St. Charles School District #428, reporting to Michael Zarco, Supervisor, and John Albright, Superintendent.

16. VIRGINIA, at all times, met IDJJ's legitimate performance expectations as an Educator and had no disciplinary infractions.

## COUNT I – DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE
*(Tutor Room)*
*[42 U.S.C. § 12112(b)(5)]*

1-16. VIRGINIA incorporates Paragraphs 1 through 16 above as Paragraphs 1 through 16 of Count I, as if fully set forth herein verbatim.

17. In and around May 24, 2017, VIRGINIA sustained a work-related injury to her lower back when, while performing her duties, a student assaulted her. The student's actions caused VIRGINIA to suffer severe injuries, necessitating that she undergo continued and ongoing medical treatment to the present date.

18. As a result of that assault, VIRGINIA suffers from various disabling conditions, as term is defined by the ADA, in that she has been diagnosed with the chronic conditions of

Sympathetic Lumbar Radiculopathy, degenerative disc disease, and post-traumatic stress disorder, which substantially limit one or more of her major life activities.

19. The IDJJ, at all times, was aware that VIRGINIA suffered from these various disabling conditions.

20. Notwithstanding her disabilities, VIRGINIA, at all times relevant, was a qualified individual with a disability as defined by the ADA, in that she was able to perform the essential functions of her position with a reasonable accommodation. 42 U.S.C. § 12102; 42 U.S.C. § 12111(8).

21. After undergoing a series of medical and surgical treatments as a result of the injuries she sustained, beginning on May 1, 2018, the IDJJ allowed VIRGINIA, as a reasonable accommodation for her disabilities, to perform her duties as an Educator in the tutoring room, which was located across the hallway from the security office.

22. The tutoring room accommodation allowed VIRGINIA to work with students in a one-on-one setting, allowed her to sit, stand, take breaks, and use an ice pack, as needed, provided her with the safety and security she needed so as not to exacerbate her post-traumatic stress disorder, and allowed her to readily perform the essential functions of her position without issue.

23. At all times while VIRGINIA was afforded the reasonable accommodation of being placed in the tutoring room, she met and exceeded IDJJ's legitimate performance expectations, and was repeatedly praised by her supervisor, Michael Zarco, on her performance.

24. Due to the benefit to all parties that the tutoring room accommodation afforded, on or about August 30, 2018, Michael Zarco informed VIRGINIA that her assignment to the tutoring room would be permanent. VIRGINIA accepted this arrangement.

25. VIRGINIA performed her duties in the tutoring room without issue for many months, until on or about March 11, 2019, when the IDJJ suddenly and without reason, rescinded its long-held accommodation and reassigned VIRGINIA to work in the library.

26. At no time did the IDJJ articulate to VIRGINIA that it could no longer accommodate VIRGINIA in her permanent assignment to the tutor room or that it was enduring any undue hardship as a result of said assignment.

27. In reassigning VIRGINIA, the IDJJ also failed to engage in the requisite interactive process under the ADA.

28. Had the IDJJ engaged in the interactive process, it would have learned that its decision to reassign VIRGINIA to the library was not a reasonable accommodation for her disabilities because it would require VIRGINIA to work with more than one student at a time and relocate her to an area of the building situated at a substantial distance from the security office, which would and did exacerbate her post-traumatic stress disorder.

29. VIRGINIA's placement in the library severely exacerbated her disabling conditions, causing her to sustain additional and compounding injuries.

30. As a result of her deteriorating health caused by the reassignment, on or about March 15, 2019, VIRGINIA submitted a doctor's note to the IDJJ informing that her reassignment to the library was exacerbating her disabling conditions and requesting to be transferred back to the tutor room.

31. VIRGINIA, at all times was ready, willing, and able to participate in whatever interactive process was necessary and appropriate to afford her a reasonable accommodation for her disability.

32. The IDJJ failed to engage in the interactive process and failed to accommodate VIRGINIA in violation of the ADA.

33. As a direct result of IDJJ's unlawful conduct, VIRGINIA has suffered substantial damages, including but not limited to physical injuries, lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

WHEREFORE, Plaintiff, VIRGINIA APPLEBERG, seeks the following relief against Defendant, IDJJ:

A. That this Court find that Defendant has violated the ADA.

B. Award actual and compensatory damages in an amount to be determined at trial to fully compensate VIRGINIA for her injuries, including an award of lost wages and future wages;

C. Award VIRGINIA her reasonable attorneys' fees and costs;

D. Award VIRGINIA punitive damages for Defendant's willful violations of the law; and

E. Award such other legal and equitable relief as this Court deems just and equitable.

**COUNT II – INTERFERENCE WITH PROTECTED RIGHTS UNDER THE ADA**
*(Tutor Room)*
*[42 U.S.C. § 12203(b)]*

1-33. VIRGINIA incorporates Paragraphs 1 through 33 of Count I as Paragraphs 1 through 33 of Count II, as if fully set forth herein verbatim.

34. The ADA makes it unlawful for IDJJ to "coerce, intimidate, threaten, or interfere with [VIRGINIA] in the exercise or enjoyment of, or on account of her…having exercised or enjoyed…any right granted or protected by the [ADA]." 42 U.S.C. § 12203(b).

35. From the timeframe between May 1, 2018 through March 11, 2019, VIRGINIA had exercised and enjoyed her right to be afforded an assignment to the tutoring room as a reasonable accommodation for her disabilities.

36. On or about March 11, 2019, The IDJJ interfered with VIRGINIA's ADA right to be afforded a reasonable accommodation when it suddenly and without reason transferred VIRGINIA to the library.

37. By interfering with VIRGINIA's ADA's rights, the IDJJ was motivated by an intent to discriminate against VIRGINIA on the basis of her disability.

38. As a direct result of IDJJ's unlawful conduct, VIRGINIA has suffered substantial damages, including but not limited to physical injuries, lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

WHEREFORE, Plaintiff, VIRGINIA APPLEBERG, seeks the following relief against Defendant, IDJJ:

A. That this Court find that Defendant has violated the ADA.

B. Award actual and compensatory damages in an amount to be determined at trial to fully compensate VIRGINIA for her injuries, including an award of lost wages and future wages;

C. Award VIRGINIA her reasonable attorneys' fees and costs;

D. Award VIRGINIA punitive damages for Defendant's willful violations of the law; and

E. Award such other legal and equitable relief as this Court deems just and equitable.

**COUNT III – DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE**
*(Library)*
*[42 U.S.C. § 12112(b)(5)]*

1-38. VIRGINIA incorporates Paragraphs 1 through 38 of Count II as Paragraphs 1 through 38 of Count III, as if fully set forth herein verbatim.

39. On or about March 11, 2019, the IDJJ transferred VIRGINIA to the library.

40. As a part of the duties and responsibilities for the library assignment, the IDJJ required VIRGINIA to travel from building to building throughout the day to meet with students.

41. Due to the size of the campus, travel from building to building required the use of a motor vehicle.

42. In a good faith effort to perform these duties and as a result of her physical disabilities, VIRGINIA engaged in protected activity by requesting that IDJJ provide her with a chauffeur to assist her with rides between buildings.

43. Although the IDJJ stated that it would provide VIRGINIA with her requested accommodation, it never actually did so on a regular and consistent basis. As a result, VIRGINIA, who had limited mobility, was routinely made to traverse from building to building on her own accord, which caused severe exacerbation to her physical disabilities.

44. In her library assignment, VIRGINIA also requested that a security detail be present in the library at all times with her while she performed her duties.

45. The IDJJ failed and refused to participate in the interactive process with VIRGINIA to ascertain whether and to what extent security to be provided to her.

46. VIRGINIA, at all times, was ready, willing, and able to participate in whatever interactive process was necessary and appropriate to afford her a reasonable accommodation for her disability.

47. IDJJ, however, refused to engage in any interactive process whatsoever with VIRGINIA to ascertain any reasonable accommodations.

48. As a direct result of IDJJ's unlawful conduct, VIRGINIA has suffered substantial damages, including but not limited to physical injuries, lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

WHEREFORE, Plaintiff, VIRGINIA APPLEBERG, seeks the following relief against Defendant, IDJJ:

A. That this Court find that Defendant has violated the ADA.

B. Award actual and compensatory damages in an amount to be determined at trial to fully compensate VIRGINIA for her injuries, including an award of lost wages and future wages;

C. Award VIRGINIA her reasonable attorneys' fees and costs;

D. Award VIRGINIA punitive damages for Defendant's willful violations of the law; and

E. Award such other legal and equitable relief as this Court deems just and equitable.

**COUNT IV – DISABILITY DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
*[42 U.S.C. § 12112(a)]*

1-48. VIRGINIA incorporates Paragraphs 1 through 48 of Count III as Paragraphs 1 through 48 of Count IV, as if fully set forth herein verbatim.

49. During the timeframe between February 14, 2019 and May 6, 2019, VIRGINIA was subjected to numerous instances of disability discrimination in the terms, privileges, and conditions of her employment, which caused a hostile and intimidating work environment. Examples of such disability-based discriminatory terms, privileges, and conditions of VIRGINIA's employment include, but are not limited to, the following:

a. On or about February 14, 2019, VIRGINIA's coworker, Sandra Gorski, who was at all times aware that VIRGINIA suffered from various disabling conditions, referred to VIRGINIA as "Appleturd."

b. On or about February 15, 2019, while VIRGINIA was engaging in a work-related conversation with Ms. Gorski, Ms. Gorski, in a frustrated and aggressive tone, yelled at VIRGINIA stating, "I oughta back crack you in the nose with my elbow." Those who witnessed the incident reported the incident to Mr. Zarco on VIRGINIA's behalf. Mr. Zarco approached VIRGINIA later on that day and told VIRGINIA "Don't be her bitch, stand up for yourself." Mr. Zarco did not indicate that he would take any corrective measures in response to Ms. Gorski's violent actions.

c. On or about April 26, 2019, VIRGINIA requested Ms. Gorski's assistance in a work-related matter relating to a student. In response, Ms. Gorski, knowing that VIRGINIA suffers from post-traumatic stress disorder, stated in front of VIRGINIA to the student, "Ms. Appleberg keeps disrupting me, so next time, you hold her down and I will punch her." VIRGINIA became immediately fearful for her safety and reported Ms. Gorski's comment to Mr. Zarco on or about April 27, 2019. Instead of conducting an investigation, Mr. Zarco chastised VIRGINIA for allowing Ms. Gorski to mock her and harass her. Mr. Zarco took no further actions.

d. During the week of April 29, 2019, Ms. Gorski approached VIRGINIA again, this time while VIRGINIA was performing her duties in the library. During this encounter, Ms. Gorski had no legitimate reason to be in the library and had

intentionally sought out VIRGINIA to harass her on the basis of her disability—specifically her post-traumatic stress disorder. During this interaction, Ms. Gorski stated to VIRGINIA in front of her students in a mocking and belittling tone, "You [children] were so bad the other day. I'm surprised Ms. Appleberg would be alone with you." This comment and the IDJJ's failure to take any reasonable corrective measures severely exacerbated VIRGINIA's post-traumatic stress disorder, which caused her psychiatrist to deem her unable to work in her role as Educator as of May 6, 2019.

50. At no time did IDJJ properly investigate VIRGINIA's complaints or take any reasonable corrective measures to stop the disability-based discriminatory hostile work environment.

51. Similarly-situated non-disabled employees were not subjected to unequal terms, privileges, and conditions of employment resulting in a discriminatory hostile work environment as VIRGINIA had been.

52. As a result of IDJJ's unlawful conduct, VIRGINIA sustained extensive mental and emotional injuries, which forced her onto a medical leave of absence on or about May 6, 2019.

53. As a direct result of the discriminatory actions taken by IDJJ, VIRGINIA has suffered substantial damages, including but not limited to physical injuries, lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

WHEREFORE, Plaintiff, VIRGINIA APPLEBERG, seeks the following relief against Defendant, IDJJ:

A. That this Court find that Defendant has violated the ADA.

B. Award actual and compensatory damages in an amount to be determined at trial to fully compensate VIRGINIA for her injuries, including an award of lost wages and future wages;

C. Award VIRGINIA her reasonable attorneys' fees and costs;

D. Award VIRGINIA punitive damages for Defendant's willful violations of the law; and

E. Award such other legal and equitable relief as this Court deems just and equitable.

### COUNT V – DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE
*(Transfer)*
*[42 U.S.C. § 12112(b)(5)]*

1-53. VIRGINIA incorporates Paragraphs 1 through 53 of Count IV as Paragraphs 1 through 53 of Count V, as if fully set forth herein verbatim.

54. After VIRGINIA went on a leave of absence on May 6, 2019, she attempted to apply for internal transfer positions within the IDJJ.

55. On or about June 26, 2019, VIRGINIA also requested that the IDJJ provide her with an "alternative work environment/office area" as a reasonable accommodation for her disabilities.

56. At no time did the IDJJ consider VIRGINIA for any open or available role for which she qualified as a reasonable accommodation to her disabilities and it flatly rejected her request for an alternative work environment without further consideration.

57. The IDJJ failed and refused to participate in the requisite interactive process with VIRGINIA to ascertain whether and to what extent she could be transferred into a new role to allow her to remain actively employed.

58. VIRGINIA, at all times, was ready, willing, and able to participate in whatever interactive process was necessary and appropriate to afford her a reasonable accommodation for her disability.

59. As a direct result of IDJJ's unlawful conduct, VIRGINIA has suffered substantial damages, including but not limited to physical injuries, lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

WHEREFORE, Plaintiff, VIRGINIA APPLEBERG, seeks the following relief against Defendant, IDJJ:

A. That this Court find that Defendant has violated the ADA.

B. Award actual and compensatory damages in an amount to be determined at trial to fully compensate VIRGINIA for her injuries, including an award of lost wages and future wages;

C. Award VIRGINIA her reasonable attorneys' fees and costs;

D. Award VIRGINIA punitive damages for Defendant's willful violations of the law; and

E. Award such other legal and equitable relief as this Court deems just and equitable.

**COUNT VI – DISABILITY DISCRIMINATION – FAILURE TO PROMOTE/HIRE**
*[42 U.S.C. § 12112(a)]*

1-59. VIRGINIA incorporates Paragraphs 1 through 59 of Count V as Paragraphs 1 through 59 of Count VI, as if fully set forth herein verbatim.

60. Although the IDJJ's actions caused VIRGINIA to suffer severe injuries, VIRGINIA, at all times, made good faith efforts to remain gainfully employed.

61. In making such efforts, VIRGINIA applied for the Office Coordinator #2 position and had an interview with Mr. Zarco on or about June 19, 2019.

62. Despite the fact that VIRGINIA qualified for the role and was able to perform the essential functions of the job without an accommodation, Mr. Zarco directed the interview questions to only those inquiries relating to VIRGINIA's disabling conditions. For example:

   a. Mr. Zarco asked VIRGINIA during the interview whether she still had "constipation and problems with bowel leakage."

   b. Mr. Zarco also asked VIRGINIA how long her recovery would take, despite the fact that there was no immediate urgency to fill the role.

   c. Mr. Zarco also asked VIRGINIA whether she could "move quickly," despite the fact that the role was sedentary.

63. Following the interview, VIRGINIA also spoke with Sharon Kinsinger, School Counselor, who was part of the hiring team, who told VIRGINIA that Mr. Zarco "did her a favor," because if she got the position, the IDJJ administration would not "treat her well" due to her disabling conditions.

64. As a result of Mr. Zarco's intimidating and discouraging line of questioning and Ms. Kinsinger's representations, VIRGINIA was coerced and discouraged from continuing on with the application process and unwillingly withdrew her application for the position.

65. VIRGINIA, at all times, believed she had no choice but to withdraw her application for employment, as but for the IDJJ's discriminatory statements, VIRGINIA would have continued with her application.

66. As a direct result of IDJJ's unlawful conduct, VIRGINIA has suffered substantial damages, including but not limited to physical injuries, lost wages, severe emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

WHEREFORE, Plaintiff, VIRGINIA APPLEBERG, seeks the following relief against Defendant, IDJJ:

A. That this Court find that Defendant has violated the ADA.

B. Award actual and compensatory damages in an amount to be determined at trial to fully compensate VIRGINIA for her injuries, including an award of lost wages and future wages;

C. Award VIRGINIA her reasonable attorneys' fees and costs;

D. Award VIRGINIA punitive damages for Defendant's willful violations of the law; and

E. Award such other legal and equitable relief as this Court deems just and equitable.

### COUNT VII – RETALIATION
*[42 U.S.C. § 12203(a)]*

1-66. VIRGINIA incorporates Paragraphs 1 through 66 of Count VI herein as Paragraphs 1 through 66 of Count VII, as if fully set forth herein verbatim.

67. On numerous occasions throughout VIRGINIA's employment with IDJJ, she engaged in protected activity by requesting reasonable accommodations for her disability.

68. As a direct result and in response to VIRGINIA's repeated requests, IDJJ retaliated against VIRGINIA by subjecting her to numerous adverse employment actions, including a discriminatory hostile work environment which exacerbated her disabling conditions to such an extent that she could no longer work in her role as an Educator, removing long-held accommodations, failing to accommodate her in the library, failing to hire her for the Office Coordinator #2 role, and refusing to transfer her into a role for which she qualified.

69. As a direct result of the unlawful retaliation undertaken by IDJJ, VIRGINIA suffered substantial damages, including but not limited to physical injuries, lost wages, severe

emotional distress, pain and suffering, humiliation, and damage to her professional and personal reputation.

WHEREFORE, Plaintiff, VIRGINIA APPLEBERG, seeks the following relief against Defendant, IDJJ:

A. That this Court find that Defendant has violated the ADA.

B. Award actual and compensatory damages in an amount to be determined at trial to fully compensate VIRGINIA for her injuries, including an award of lost wages and future wages;

C. Award VIRGINIA her reasonable attorneys' fees and costs;

D. Award VIRGINIA punitive damages for Defendant's willful violations of the law; and

E. Award such other legal and equitable relief as this Court deems just and equitable.

Respectfully Submitted,

By: /s/ Jolianne S. Alexander
JOLIANNE S. ALEXANDER
One of Plaintiff's Attorneys

Jolianne S. Alexander (6314222)
Mirabella, Kincaid, Frederick & Mirabella, LLC
Attorney for VIRGINIA APPLEBERG
1737 S. Naperville Rd. Suite 100
Wheaton, Illinois 60189
(630) 665-7300 Phone
(630) 665-7609 Fax
jolianne@mkfmlaw.com

## **VERIFICATION**

I, VIRGINIA APPLEBERG, the Plaintiff in this matter, does hereby declare under penalty of perjury under the laws of the United States of America, that the foregoing Verified Complaint and its contents are true and correct.

*Virginia Appleberg*
Virginia Appleberg

**ATTORNEY CERTIFICATION**

Counsel for the Plaintiff affixes her signature hereto and on information and belief is of the opinion that the foregoing is true and accurate and conforms in good faith with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

/s/ Jolianne S. Alexander
JOLIANNE S. ALEXANDER
One of Plaintiff's Attorneys

Jolianne S. Alexander (6314222)
Mirabella, Kincaid, Frederick & Mirabella, LLC
Attorney for VIRGINIA APPLEBERG
1737 S. Naperville Rd. Suite 100
Wheaton, Illinois 60189
(630) 665-7300 Phone
(630) 665-7609 Fax
jolianne@mkfmlaw.com